**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HILARIO FLORES GARCIA, | No.  17-73056 |
| Petitioner, | Agency No. A078-337-047 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Hilario Flores Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that the three incidents of harm and the discrimination Flores Garcia suffered in Mexico did not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner failed to establish past persecution where he was beaten and robbed on two occasions and accosted by a mob). Substantial evidence also supports the agency's conclusion that Flores Garcia failed to establish it is more likely than not he would be persecuted if returned to Mexico. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1066 (9th Cir. 2008) (evidence did not compel a finding that it is more likely than not petitioner would be persecuted upon return)). We reject Flores Garcia's contentions that the agency used the wrong standard in evaluating his withholding of removal claim and that the agency did not consider all of his evidence. Thus, we deny the petition as to Flores Garcia's withholding of removal claim.

Substantial evidence supports the agency's denial of CAT relief because Flores Garcia failed to show it is more likely than not he would be tortured by or

17-73056

with the consent or acquiescence of the Mexican government.  *See Aden v. Holder*,

589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**